## EL PUEBLO *v.* RAMÍREZ ET AL.

APELACIÓN procedente de la Corte de Distrito de Humacao.

No. 428.—Resuelto en abril 20, 1912.

DERECHO PENAL—PELEA DE GALLOS—ESPECTADORES.—La palabra espectador sólo se aplica al que asiste a un espectáculo, por lo que, acusando a una persona solamente de haber estado en una riña de gallos como espectador no se le imputa delito alguno ya que tal palabra no significa que haya iniciado, instigado, promovido o echado la pelea de gallos, ni que haya realizado acto alguno de ayudante, árbitro o principal, ni que haya tomado parte para llevarla a efecto o que haya ayudado a que tenga efecto.

ID.—PELEA DE GALLOS—ESPECTADORES—DENUNCIA INSUFICIENTE.—Ninguna persona puede ser castigada en Puerto Rico por el mero hecho de ser un espectador en una riña de gallos, aves, toros u otros animales; y si se ha realizado algún otro acto de los especificados en la ley que signifique iniciación, promoción, instigación o ayuda a la riña o de haber tomado parte en ella, excepto como simple espectador, deberá expresarlo la denuncia para que sea suficiente.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Francisco González.*

Abogado del apelado: *Sr. Charles E. Foote, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

La Corte de Distrito del Distrito Judicial de Humacao conoció en grado de apelación de una denuncia presentada en la corte municipal de Caguas contra varias personas, entre ellas Modesto Ramírez y Antonio Grillo, en la que se les acusaba del delito de crueldad con los animales, cometido porque habían sido sorprendidos tomando parte en una riña de gallos el día 28 de noviembre de 1911 en el barrio Borinquen de Caguas, en la que actuaban como coleadores los acusados Pedro Boada y Onofre Aponte y como espectadores los demás acusados.

Celebrado el juicio por la corte de distrito, dictó sentencia condenando por el expresado delito a Modesto Ramírez, a Antonio Grillo y a otros dos más a pagar la multa de cinco pesos, fallo contra el que han recurrido los expresados Ramírez y Grillo.

Los apelantes no han presentado exposición de los hechos ni pliego de excepciones, pero examinada la denuncia llegamos a la conclusión de que a los recurrentes no se les ha imputado en ella delito alguno.

La sección 5ª. de la ley para impedir la crueldad con los animales, publicada en 10 de marzo de 1904 textualmente dice :

"Sección 5.—La persona que iniciare, instigare, promoviere o echare una pelea de gallos, o que realizare algún acto de ayudante, árbitro o principal, o que en forma alguna tomare parte para llevarla a efecto, o ayudare a que tenga lugar dicha riña de gallos o de otras aves, perros, toros u otros animales, habiéndose premeditado dicha riña por el dueño o por el que tuviere bajo su custodia dichas aves o animales, será penada con multa que no exceda de cincuenta dollars o con prisión que no exceda de treinta días, o con ambas penas a discreción de la corte."

La denuncia lo único que imputa a los recurrentes Modesto Ramírez y Antonio Grillo es haber concurrido a la riña de gallos como espectadores. La palabra espectador solo se aplica al que asiste a un espectáculo, por lo que acusando a una persona solamente de haber estado en una riña de gallo como espectador, no se le imputa delito alguno ya que tal palabra no significa que haya iniciado, instigado, promovido o echado la pelea de gallos, ni que haya realizado acto alguno de ayudante, árbitro o principal, ni que haya tomado parte para llevarla a efecto o que haya ayudado a que tenga efecto.

Ninguna persona puede ser castigada en Puerto Rico por el mero hecho de ser un espectador en una riña de gallos o de otras aves, perros, toros u otros animales, y si se ha realizado algún otro acto de los especificados en la ley que signi-

fique iniciación, promoción, instigación o ayuda a la riña, o de haber tomado parte en ella excepto como simple espectador, deberá expresarlo la denuncia para que sea suficiente.

Cuando el legislador ha querido castigar al espectador lo dice claramente, como lo hace el artículo 597 del Código Penal de California, donde se pena entre otros a los que están presentes como espectadores.

Los recurrentes no fueron denunciados por ningún hecho penable y por tanto debe ser revocada la sentencia que les impuso una pena, dictándose otra absolutoria.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary y Wolf.

Juez disidente: Sr. del Toro.